IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00506-FDW-DSC

| | |
|---|---|
| **VALERIE ARROYO,**<br><br>Plaintiff,<br><br>v.<br><br>**SPENCER MERRIWEATHER**<br>**CITY OF CHARLOTTE**<br>**JULIE EISELT**<br>**MECKLENBURG COUNTY BOARD**<br>**OF COMMISSION**<br>**DERRICK MAYO**<br>**VI LYLES**<br>**GEORGE DUNLAP**<br>**MECKLENBURG COUNTY**<br>**DISTRICT ATTORNEY'S OFFICE**<br>**CHARLOTTE-MECKLENBURG**<br>**POLICE DEPARTMENT**<br>**AARON TICKS**<br>**FEDERAL BUREAU OF**<br>**INVESTIGATION**<br>**ELISA CHINN-GARY**<br>**COURT OF ADMINISTRATION OF**<br>**MECKLENBURG COUNTY,**<br><br>Defendants. | **ORDER AND ROSEBORO NOTICE** |

THIS MATTER is before the Court on multiple pending motions filed by Plaintiff Valerie Arroyo, ("Plaintiff"), who is proceeding *pro se* in this matter. Plaintiff has filed the following motions, each of which will be addressed herein: Motion for Default Judgment (Doc. No. 7), Motion for Hearing (Doc. No. 8), Motion for Relief (Doc. No. 23), Second Motion for Entry of Judgment (Doc. No. 31), Notice for Hearing on Motions (Doc. No. 34), Motion for Meet and

1

Confer (Doc. No. 35), and Motion for Sanctions (Doc. No. 39). For the reasons stated herein, all of Plaintiff's pending motions are DENIED.

The Court also notes that four Motions to Dismiss have been filed by the following Defendants: Elisa Chinn-Gary, Mecklenburg County District Attorney's Office, and Spencer Merriweather (Doc. No. 9); the Federal Bureau of Investigation (Doc. No. 17); Julie Eiselt, Vi Lyles, and Derrick Mayo (Doc. No. 19); and George Dunlap and Mecklenburg County Board of Commission (Doc. No. 24). This Court entered a Roseboro Order on October 16, 2020, advising Plaintiff of her burden in responding to motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (b)(2) and (b)(6). (Doc. No. 16). Since the issuance of that Order, Motions to Dismiss have been filed pursuant to Fed. R. Civ. P. 12(b)(4) and (b)(5) by Defendant Federal Bureau of Investigation ("FBI") and Defendants Julie Eiselt ("Ms. Eiselt"), Vi Lyles ("Ms. Lyles"), and Derrick Mayo ("Mr. Mayo"). (Doc. Nos. 17, 19).

With respect to the Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(4) and (b)(5) and in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) (per curiam), Plaintiff, who appears *pro se*, has the right to respond to Defendants' motions and carries a burden of proof in so responding.[1] The Court notes Plaintiff has already responded (Doc. Nos. 20, 22) to the relevant Motions; however, because the Court is now advising Plaintiff of her burden in responding, the Court will allow Plaintiff the opportunity to supplement her response, if needed, and file an

---

[1] The Fourth Circuit did not hold in Roseboro that such notice is required for motions to dismiss. Rather, the Fourth Circuit's discussion in Roseboro regarding notice was directed to summary judgment motions. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam) ("We agree with the plaintiff, however, that there is another side to the coin which requires that the plaintiff be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him."); see also Norman v. Taylor, 25 F.3d 1259, 1261 n.1 (4th Cir. 1994) (en banc), abrogated on other grounds by Wilkins v. Gaddy, 559 U.S. 34 (2010) ("In Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), this circuit held that pro se plaintiffs must be advised that their failure to file responsive material when a defendant moves for summary judgment may well result in entry of summary judgment against them."). Nevertheless, courts routinely issue Roseboro notices for motions to dismiss, and the Court does so here.

amended response to the pending motions by May 3, 2021. Defendants FBI, Ms. Eiselt, Ms. Lyles, and Mr. Mayo may file a reply to the amended response no later than seven (7) days after the filing of the amended response and limited to 1,500 words. **Importantly, the Court's present Order is not to be construed as an opinion on the merits of Defendants' Motions to Dismiss, and the Court advises Plaintiff that failure to adequately respond may result in dismissal of the complaint or judgment entered in favor of Defendant.** Once all supplemental briefing is received, the Court will issue an Order ruling on all four pending Motions to Dismiss.

I. BACKGROUND

Plaintiff initially filed her Complaint in Mecklenburg County State Court on August 21, 2020, (Doc. No. 1-1), and Defendants timely removed the matter to this Court. (Doc. No. 1). Plaintiff seeks damages "in excess of [sic] million dollars" from Defendants based on Defendants' alleged unlawful conduct pursuant to the following:

> N.C.G.S. § 143-291, Art. 31, N.C. State Tort Act, Violation of the N.C. State Ethics Act, N.C.G.C. § 138A, 42 U.S.C. § 1983, Deprivation of color of the law, Violation of Due Process Doctrine Act, Victims Rights Act, and Bill of Rights Amendment. Racial and Sexist Injustice, Discrimination, Violation of N.C. State Constitution, Public & Political Corruption, Conflict of Interest, and Abuse of Discretion and Civil Conspiracy, and Violation of Administrative and Judicial Codes of the State of North Carolina.

(Doc. No. 1-1, pp. 17, 37-39). Although the allegations contained in the Complaint are unclear, Plaintiff appears to allege she has been a victim of a financial crime and that, when she attempted to seek help in obtaining justice, all Defendants allegedly, at some point, discriminatorily failed to uphold their legal duties. See generally (Doc. No. 1-1, pp. 16-26). Because the specific allegations contained in the Complaint are not pertinent to the disposition of Plaintiff's pending motions, which are all procedural in nature, the Court declines to set forth the factual allegations in more detail herein.

3

Within five months of this Matter arriving before this Court, Plaintiff filed thirteen (13) motions, some of which appear to be duplicative at first glance.[2] Of the thirteen motions filed, the following six (6) have been disposed of:

- Motion for Recusal, (Doc. No. 40), which was denied by the Magistrate Judge on December 4, 2020. (Doc. No. 53).

- Motion for Mediation, (Doc. No. 44), which was also denied as premature by the Magistrate Judge on December 4, 2020.

- Motion for Relief from the Magistrate Judge's denial of Plaintiff's Motion for Recusal. (Doc. No. 55). Plaintiff subsequently filed a Notice of Appeal, notifying this Court she would be filing an appeal of the Magistrate Judge's decision to the United States Court of Appeals for the Fourth Circuit. (Doc. No. 56)

- Motion to Appeal In Forma Pauperis, (Doc. No. 57), which was granted on February 10, 2021 (Doc. No. 62).

- Motion for Transcripts, (Doc. No. 60), which was denied on February 1, 2021 by the Magistrate Judge, because no hearing had been held.

- Motion to Stay Pending Appeals Process, (Doc. No. 61), which was also denied by the Magistrate Judge on February 1, 2021.

The Court addresses the seven (7) motions still pending herein.

---

[2] For example, there are at least two pending motions for default judgment and three pending motions for a hearing. (Doc. Nos. 7, 8, 23, 31, 34, 35).

## II. MOTIONS FOR DEFAULT

Plaintiff has filed two Motions for Entry of Default and Default Judgment pursuant to Fed. R. Civ. P. 55.[3] (Doc. Nos. 7, 31). Both motions seek a default judgment against all Defendants for their alleged failure to answer or otherwise respond to Plaintiff's Complaint within the prescribed time frame, which Plaintiff cites as "30 days" from the time service was completed.[4] (Doc. Nos. 7, 31). Plaintiff asserts service was completed as to all Defendants on August 26, 2020, but it is unclear as to whether or when service was properly effectuated.[5] Accordingly, the only concrete dates with which the Court can frame its analysis are the filing dates reflected in the CM/ECF docket.

For purposes of ruling on these motions, the Court groups the Defendants into four categories: (1) Federal Defendants, which includes the FBI and Aaron Ticks;[6] (2) City Defendants, which includes Charlotte-Mecklenburg Police Department, City of Charlotte, Julie Eiselt, Vi Lyles, and Derrick Mayo; (3) County Defendants, which includes George Dunlap and Mecklenburg County Board of Commissioners; and (4) State Judicial Defendants, which includes Mecklenburg County District Attorney's Office, Elisa Chinn-Gary, and Spencer Merriweather.

Fed. R. Civ. P. 55(a) provides: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." However,

---

[3] Plaintiff's Motion for Entry of Judgment is construed as a Second Motion for Default Judgment because the rule cited in the Motion, Fed. R. Civ. P. 58, does not provide a procedural mechanism to afford or deny Plaintiff the relief she seeks. See (Doc. No. 31)

[4] Plaintiff cites Fed. R. Civ. P. 4(b) as support for her contention that Defendants have 30 days to file an answer. (Doc. No. 7, p. 2). Rule 4(b) does not address time constraints, but rather, addresses the procedure for issuance of a summons. Fed. R. Civ. P. 4(b).

[5] Multiple Defendants move to dismiss for insufficient service of process and insufficient process. As this Order is disposing only of Plaintiff's pending procedural motions, nothing herein should be construed as expressing an opinion on the merits of Defendants' motions to dismiss.

[6] In its Motion to Dismiss, the FBI disputes the existence of an employee by the name of "Aaron Ticks." (Doc. No. 17, pp. 2-3).

5

> where a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on the merits. In the final analysis, default judgments are not favored in the law, and the entry of such a judgment is only appropriate where there has been a clear record of delay or contumacious conduct.

Wendt v. Pratt, 154 F.R.D. 229, 230 (D. Minn. 1994) (internal quotation marks and citations omitted) (cited in 10A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 2682 (3d ed. 2006)).

Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), a defendant "must serve an answer within 21 days after being served with the summons and complaint." However, the timing for responsive pleadings and answers in removed actions is governed by Fed. R. Civ. P. 81. And, according to Rule 81,

> a defendant who did not answer before removal must answer . . . within the longest of these periods: (A) 21 days after receiving . . . a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed.

Fed. R. Civ. P. 81(c)(2).

After careful review of the record, which is admittedly complex, the Court finds Plaintiff is not entitled to entry of default or default judgment against any of the Defendants. As to the Federal Defendants, they filed a Notice of Removal on September 14, 2020, (Doc. No. 1), and promptly moved for an extension of time to answer only four days later on September 18, 2020, which was granted the same day. (Doc. No. 2). Federal Defendants have clearly complied with Fed. R. Civ. P. 81(c)(2)(C) and have timely filed a Motion to Dismiss, which is still pending. (Doc. No. 17). Default is not appropriate as to the Federal Defendants.

With respect to City Defendants, the record is less straightforward, but it is apparent they have not engaged in conduct warranting default, notwithstanding any confusion in the record. Counsel for City Defendants entered an appearance on September 21, 2020. (Doc. No. 3). They

6

moved for an extension of time to answer on October 6, 2020, (Doc. No. 5), and their motion was granted the same day. (Doc. No. 6). Notably, it is unclear when, or if, any of the City Defendants were properly served with the summons and the Complaint. City Defendants' Motion for an Extension of Time to Answer suggests they were not made aware of this lawsuit until their counsel received the Notice of Removal on September 25, 2020. (Doc. No. 5). However, counsel entered an appearance on September 21, 2020. (Doc. No. 3). Additionally, City Defendants assert they were never properly served and have moved to dismiss on that basis. (Doc. Nos. 5, 19). When and how City Defendants were notified of this lawsuit remains unclear to the Court, but the Court is nonetheless satisfied City Defendants have evinced an intention and desire to litigate this case. They have adhered to the filing deadlines set in the Magistrate Judge's Order of October 6 and have filed a Motion to Dismiss, which is pending. (Doc. No. 19). Default is not appropriate as to City Defendants.

County Defendants have likewise not engaged in conduct warranting default. As with the City Defendants, it is unclear whether they were properly served with summons and the Complaint. In their Motion for Extension of Time to Answer, (Doc. No. 14), County Defendants assert they were not properly served, and they were notified of the lawsuit only when the Charlotte City Attorney's Office "provided a copy of the Summons and Complaint to" counsel for the County Defendants. (Doc. No. 14, p. 2). However, it is unclear exactly when this copy was received. Regardless, counsel for County Defendants entered an appearance and filed a motion for extension of time to answer on October 14. (Doc. Nos. 13, 14). The Magistrate Judge granted County Defendants' Motion, (Doc. No 16), and County Defendants timely filed a Motion to Dismiss, (Doc. No. 24), which is pending. Default is not appropriate as to County Defendants.

As to State Judicial Defendants, it is also unclear from the record whether and when State Judicial Defendants were properly served with summons and a copy of the Complaint. However,

7

it is clear that counsel for State Judicial Defendants entered an appearance within 17 days of the Notice of Removal being filed, (Doc. No. 4) and filed their Motion to Dismiss only 6 days later, on October 7, 2020. (Doc. No. 9). In all, only 23 days elapsed between the time this case arrived in this Court on September 14, and the time State Judicial Defendants filed a responsive pleading. Given the confusion and lack of clarity in this matter, and the strong preference for deciding cases on the merits, the Court is accordingly satisfied that State Judicial Defendants have demonstrated an intent and desire to litigate this case. Default is not appropriate.

For the reasons stated above, the Court finds Plaintiff's Motions for Default to be meritless. The Court accordingly DENIES Plaintiff's Motion for Default Judgment, (Doc. No. 7), and Plaintiff's Motion for Entry of Judgment. (Doc. No. 31). The Court also DENIES AS MOOT Plaintiff's Motion for a Hearing on her Motion for Default Judgment. (Doc. No. 8).

### III. MOTION FOR RELIEF

Plaintiff has also moved for relief from an order or judgment pursuant to Fed. R. Civ. P. 60. (Doc. No. 23). She seeks relief "from several sua sponte interlocutory unconstitutional [sic] prejudice [sic] unjust and improper orders by Judge Frank d. Whitley [sic]." Id. at pp. 1-2. Specifically, Plaintiff appears to seek relief from each order granting Defendants' various motions for extensions of time to answer. See id.

Although Plaintiff has moved pursuant to Fed. R. Civ. P. 60, the Court finds it more appropriate to evaluate her motions pursuant to Fed. R. Civ. P. 72 because each Order Plaintiff seeks relief from was issued by the Magistrate Judge assigned to this Matter. See (Doc. Nos. 6, 15). Fed. R. Civ. P. 72(a) provides that magistrate judges must enter orders on referred non-dispositive pre-trial matters. If an appropriate order is entered by a magistrate judge, "a party may serve and file objections to the order within 14 days after being served . . . [t]he district judge in

the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

Here, Plaintiff filed her motion seeking relief from the Orders granting Defendants additional time to answer on October 28, 2020. (Doc. No. 23). The relevant Orders were filed on September 18 (text-only order), October 6, and October 14, 2020. (Doc. Nos. 6, 15). Plaintiff's Motion is clearly untimely with respect to the first two Orders granting extensions of time. However, because Plaintiff is proceeding *pro se* and was served via U.S. Mail, it is likely her Motion is timely with respect to the Magistrate Judge's Order from October 14, 2020. Plaintiff has not shown why or how the Magistrate Judge's Order granting County Defendant's Motion for Extension of Time to Answer is clearly erroneous or contrary to law. Accordingly, Plaintiff's Motion for Relief (Doc. No. 23) is DENIED.

### IV. MOTIONS FOR HEARING

Plaintiff has moved for a hearing "on all of [sic] Motions submitted on the Plaintiff's behalf in this case." (Doc. No. 34, p. 1). She has also moved for a "meet and conference for failure to disclosure [sic] and Discovery process," which this Court construes as a motion for a hearing on discovery. See (Doc. No. 35, p. 1). Plaintiff is not entitled to a hearing on her non-dispositive motions, and she has not provided any law stating otherwise. Additionally, her motion regarding discovery is premature as there are motions to dismiss still pending. Accordingly, the Court DENIES Plaintiff's Notice for Hearing On Motions (Doc. No. 34) and her Motion for Meet and Confer, (Doc. No. 35).

### V. MOTION FOR SANCTIONS

Plaintiff has also moved for sanctions against all Defendants pursuant to Fed. R. Civ. P. 11. (Doc. No. 39). Fed. R. Civ. P. 11(c)(2) requires a motion for sanctions to "describe the *specific*

9

Case 3:20-cv-00506-FDW-DSC   Document 63   Filed 04/14/21   Page 9 of 15

conduct that allegedly violates Rule 11(b)." Plaintiff's Motion simply makes generalized and conclusory allegations of "bad faith" and appears to seek sanctions based solely on Defendants' conduct in litigating this case, which has thus far complied with any and all applicable Rules of Civil Procedure.[7]  Accordingly, Plaintiff's Motion for Sanctions, (Doc. No. 39), is DENIED.

## VI.  ROSEBORO ORDERS

### a. Fed. R. Civ. P. 12(b)(4)

Defendant FBI filed a motion to dismiss, which in part states that Fed. R. Civ. P. 12(b)(4) is a ground for dismissal, specifically alleging that the process was insufficient as a matter of law under Rule 4(a) of the Federal Rules of Civil Procedure.  The burden to prove that process has been executed in accordance with Rule 4 of the Federal Rules of Civil Procedure is on the plaintiff. Plant Genetic Systems v. Ciba Seeds, 933 F.Supp. 519, 526 (M.D.N.C. 1996).  However, "[S]ervice of process is not legally defective simply because the complaint misnames the defendant in some insignificant way."  Morell v. Nationwide Mut. Fire Ins. Co., 118 F.3d 218, 224 (4th Cir. 1999).  Plaintiff is hereby informed that Rule 4(a) provides:

> (1) *Contents*. A summons must:
>  (A) name the court and the parties;
>  (B) be directed to the defendant;
>  (C) state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff;
>  (D) state the time within which the defendant must appear and defend;
>  (E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint;
>  (F) be signed by the clerk; and
>  (G) bear the court's seal.
> (2) *Amendments*. The court may permit a summons to be amended.

---

[7] For example, Plaintiff seeks sanctions in part based on Defendants filing motions to dismiss and removing this case to federal court. See (Doc. No. 39, p. 2).

Fed. R. Civ. P. 4(a). Plaintiff is hereby advised that it is her burden to show how process was sufficient under the above standards.

### b. Fed. R. Civ. P. 12(b)(5)

Defendants FBI, Ms. Eiselt, Ms. Lyles, and Mr. Mayo have also filed motions to dismiss that implicate Rule 12(b)(5) as additional grounds for dismissal, specifically alleging that attempted service of process on Defendants was insufficient as a matter of law. The burden to prove that process has been executed in conformity with Rule 4 of the Federal Rules of Civil Procedure is on the plaintiff. Plant Genetic Systems, N.V. v. Ciba Seeds, 933 F.Supp. 519, 526 (M.D.N.C. 1996). "[T]he provisions of [Rule 4] should be liberally construed to effectuate service and uphold the jurisdiction of the court, thus insuring the opportunity for a trial on the merits." Karlsson v. Rabinowitz, 318 F.2d 666, 668 (4th Cir. 1963). Plaintiff is hereby informed that Rule 4(i) provides:

> (1) *United States*. To serve the United States, a party must:
>    (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>    (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>    (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>    (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Plaintiff is also hereby informed that Rule 4(j) provides:

> (2) State or Local Government. A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>    (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>    (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j).

Pursuant to the above stated rules, North Carolina Rule of Civil Procedure 4(j) may permissibly be followed to effectuate service of process upon Defendants Ms. Eiselt, Ms. Lyles, and Mr. Mayo in this case. Accordingly, Plaintiff is hereby informed that North Carolina Rule of Civil Procedure 4(j) provides:

> (j) Process -- Manner of service to exercise personal jurisdiction. -- In any action commenced in a court of this State having jurisdiction of the subject matter and grounds for personal jurisdiction as provided in G.S. 1-75.4, the manner of service of process within or without the State shall be as follows:
>
> . . . .
>
> > (5) Counties, Cities, Towns, Villages and Other Local Public Bodies. –
> > a. Upon a city, town, or village by personally a copy of the summons and of the complaint to its mayor, city manager or clerk; by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to its mayor, city manager or clerk; or by depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the mayor, city manager or clerk, delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.
> > b. Upon a county by personally delivering a copy of the summons and of the complaint to its county manager or to the chairman, clerk or any member of the board of commissioners for such county; by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the chairman, clerk or any member of the board of commissioners of that county; or by depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the chairman, clerk or any member of the board of commissioners of that county, delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.
> > c. Upon any other political subdivision of the State, any county or city board of education, or other local public district, unit, or body of any kind (i) by personally delivering a copy of the summons and of the complaint to an officer or director thereof; (ii) by personally delivering a copy of the summons and of the complaint to an agent or attorney-in-fact authorized by appointment or by statute to be served or to accept service in its behalf; (iii) by mailing a copy of the summons and

> of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director, agent, or attorney-in-fact as specified in (i) and (ii), or (iv) by depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, agent, or attorney-in-fact as specified in (i) and (ii), delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.

N.C. Gen. Stat. § 1A-1, Rule 4(j)(5). Plaintiff is hereby advised that it is her burden to show how service of process was properly effectuated under the above standards.

### c. Deadline to Respond

Plaintiff is advised that she has **until May 3, 2021**, to file an amended response and any supporting exhibits, affidavits, or sworn statements, to Defendants' motions in light of the above standards. Plaintiff should not refile any materials already submitted to the Court, and her response must be properly served on Defendants and include a certificate of service indicating the manner in which Plaintiff served Defendants. Defendants shall have seven (7) days after the filing of any amended response by Plaintiff to submit a final reply. **Plaintiff's failure to appropriately respond to Defendants' Motions to Dismiss may result in Defendants being granted the relief they seek, that is dismissal of the complaint.** If, on the other hand, Plaintiff is satisfied that her responses already meet the above criteria, she may choose to leave her previously filed responses (Doc. Nos. 20, 22) as they are.

## VII. CONCLUSION

IT IS THEREFORE ORDERED that the following *pro se* Motions submitted by Plaintiff are DENIED:

- (Doc. No. 7) Motion for Default Judgment
- (Doc. No. 8) Motion for Hearing
- (Doc. No. 23) Motion for Relief
- (Doc. No. 31) Motion for Entry of Judgment
- (Doc. No. 34) Motion for Hearing

- (Doc. No. 35) Motion for Hearing on Discovery
- (Doc. No. 39) Motion for Sanctions

The Court also finds it appropriate to caution Plaintiff of the consequences for filing repeated frivolous motions. As noted above, Plaintiff has filed thirteen motions in roughly five months, nearly all of which have been denied for being premature, moot, or reflective of a fundamental misunderstanding of the Rules of Civil Procedure.[8] Additionally, the Court notes that that this is <u>not</u> the first warning of this kind issued to this Plaintiff. Although a different case, Plaintiff exhibited similar behavior in repeatedly filing frivolous motions in <u>Arroyo v. Zamora et al.</u>, No. 3:17-cv-00721-FDW-DCK, such that the Court enjoined her from filing any further motions in that case for one (1) year without having a North Carolina attorney sign off on the motion <u>See</u> <u>Arroyo v. Zamora et al.</u>, No. 3:17-cv-00721-FDW-DCK, (Doc. No. 20). **<u>Plaintiff is hereby cautioned that the Court may impose sanctions, including a pre-filing injunction, if Plaintiff continues to file frivolous and duplicative <i>pro se</i> filings.</u>** The Clerk is respectfully directed to send a copy of this Order to Plaintiff's address of record.

IT IS SO ORDERED.

Signed: April 13, 2021

Frank D. Whitney
United States District Judge

---

[8] Plaintiff's Motion to Appeal In Forma Pauperis was granted.