IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00506-FDW-DSC

| | |
|---|---|
| VALERIE ARROYO,<br><br>Plaintiff,<br><br>v.<br><br>SPENCER MERRIWEATHER<br>CITY OF CHARLOTTE<br>JULIE EISELT<br>MECKLENBURG COUNTY BOARD<br>OF COMMISSION<br>DERRICK MAYO<br>VI LYLES<br>GEORGE DUNLAP<br>MECKLENBURG COUNTY<br>DISTRICT ATTORNEY'S OFFICE<br>CHARLOTTE-MECKLENBURG<br>POLICE DEPARTMENT<br>AARON TICKS<br>FEDERAL BUREAU OF<br>INVESTIGATION<br>ELISA CHINN-GARY<br>COURT OF ADMINISTRATION OF<br>MECKLENBURG COUNTY,<br><br>Defendants. | **ORDER** |

THIS MATTER is before the Court on multiple pending motions. There are four pending Motions to Dismiss, one filed by Elisa Chinn-Gary, the Mecklenburg County District Attorney's Office, and Spencer Merriweather (Doc. No. 9); one by the Federal Bureau of Investigation (Doc. No. 17); one by Julie Eiselt, Vi Lyles, and Derrick Mayo (Doc. No. 19); and one by George Dunlap and the Mecklenburg County Board of Commission (Doc. No. 24). There are also five pending motions filed by Plaintiff, Valerie Arroyo, who is proceeding *pro se*. See (Doc. Nos. 64, 65, 78,

1

80, 85). For the reasons stated herein, the four Motions to Dismiss (Doc. Nos. 9, 17, 19, 24) are GRANTED and Plaintiff's Motions (Doc. Nos. 64, 65, 78, 80, 85) are DENIED AS MOOT.

I. BACKGROUND

a. Factual Background

Plaintiff initially filed her Complaint in Mecklenburg County State Court on August 21, 2020, (Doc. No. 1-1), and Defendants timely removed the matter to this Court. (Doc. No. 1). Plaintiff seeks damages "in excess of [sic] million dollars" from Defendants pursuant to the following fifteen (15) causes of action: "intentional, gross negligence;" "willful and wanton misconduct;" "civil right[s] violation;" "deprivation of color [sic] the law;" "breach of contract;" "breach of fiduciary duties;" "public and political corruption;" "violation of the public official duty;" "failure to act, conduct and perform their duties;" "intentional knowingly and vindictivvely [sic] emotional duress;" "defamation, slander and libel:" "violation of victim rights act;" "violation of the pro se act;" "failure to show transparency;" and "abuse their discretion." (Doc. No. 1-1, pp. 27-39).

Construing the allegations contained in the Complaint in the light most favorable to Plaintiff, she alleges that, in 2015, she had an "opportunity to invest in real estate with Pittenger Land Investment for a property located in Raleigh, NC." Id. at p. 24. Plaintiff alleges there was a second real estate investment opportunity with "David Hoffman, of the Hoffman Group," but it is unclear whether the second opportunity is connected to the first. See id. Plaintiff contends her attorney, Daniel J. Zamora, offered to use any funds provided by Plaintiff "in reference to the investment," but that "a year later, there is no documentation about the investment, once the Plaintiff takes her former attorney to civil court, that is when it comes out, the investment made with her funds, but not on her behalf." Id. Plaintiff further alleges that

> [a]ccording to the Daniel J. Zamora, the Plaintiff is an angry black woman, who lent him money and he paid all of the money back, and there was no attorney client

relationship, and no investment opportunities, even though, there are signed contracts, e-mails stating otherwise, and much more preponderance of evidence.

Id. at pp. 24-25. Plaintiff contends she filed a federal criminal complaint with the Federal Bureau of Investigation in Charlotte, North Carolina, and that after her "own investigation" she determined that "several public officials" conspired to "have [her] case go away." Id. at p. 25.

Throughout the Complaint, Plaintiff refers to numerous, unspecified public officials who have allegedly conspired to protect alleged wrongdoers, including Daniel J. Zamora, but the nature of the factual allegations regarding the alleged conspiracy is unclear. See generally id. at pp. 19-26. For example, Plaintiff alleges the following:

> Plaintiff has tried to file a criminal probable cause complaint against an individual who has committed a criminal acts [sic] after civil judicial proceeding [sic] in the Mecklenburg County Superior Court, which is locate [sic] in the City of Charlotte, she was denied by Detective Derrick Mayo.
>
> Plaintiff visit [sic] the Mayor [sic] office, City Council Board, City Attorney, Mecklenburg County Board, to receive assistance and support as a victim of a crime by a [sic] several well-known public officials, and the intentional infliction of mental and emotional support resources due to racial, sexist [sic] injustice and discrimination that the Plaintiff just experience [sic] and witness [sic], which she knew [sic] improper and unjust. Everyone pass [sic] the buck, by sending your [sic] running around for nothing, none of these Defendant(s) reach out, after the Plaintiff left her contact information.

Id. at pp. 20-21. Plaintiff seeks to hold Defendants liable under various, yet unspecified, federal and state statutes, the U.S. Constitution, the North Carolina Constitution, and North Carolina common law for "Defendant(s) failure to act, abide, enforce, investigate, perform or provide protection against individuals." Id. at p. 19.

### b. Procedural Background

Shortly after this case was removed to this Court, Defendants filed four separate Motions to Dismiss. For purposes of ruling on these motions, the Court groups the Defendants into four

categories: (1) Federal Defendants, which includes the FBI and Aaron Ticks;[1] (2) City Defendants, which includes the Charlotte-Mecklenburg Police Department, the City of Charlotte, Julie Eiselt, Vi Lyles, and Derrick Mayo; (3) County Defendants, which includes George Dunlap and the Mecklenburg County Board of Commissioners; and (4) State Judicial Defendants, which includes the Mecklenburg County District Attorney's Office, Elisa Chinn-Gary, and Spencer Merriweather. Each group of Defendants seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(1), (2), (4), (5), and/or (6). The Court issued two Roseboro Notices to Plaintiff, (Doc. Nos. 16, 63), notifying Plaintiff of her burden in responding to each motion to dismiss. In response to the Roseboro Notices, Plaintiff did not file supplemental responses in opposition to the motions to dismiss, but rather, filed five miscellaneous motions within four weeks.[2] The pending motions to dismiss are ripe for review and the Court addresses each herein.

## II. STANDARD OF REVIEW

### a. Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) provides for dismissal of claims against all defendants where the Court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M. Ry. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil

---

[1] In its Motion to Dismiss, the FBI disputes the existence of an employee by the name of "Aaron Ticks." (Doc. No. 17, pp. 2-3).
[2] Plaintiff has filed the following motions within the past month: Motion for Summary Judgment, (Doc. No. 64); Motion to Proceed and Comply pursuant to Fed. R. Civ. P. 26, (Doc. No. 65); Motion for Defendants to File an Answer, (Doc. No. 78); Amended Motion for Defendants to File an Answer, (Doc. No. 80); and Motion for an Initial Pre-Trial Conference pursuant to Fed. R. Civ. P. 16, (Doc. No. 85).

Procedure anticipate this issue and provide that "If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

When a court considers its subject matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredericksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held as follows:

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review.

Id. at 768-69 (citations omitted).

### b. Fed. R. Civ. P. 12(b)(6)

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court assumes "the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." Eastern Shore Markets, Inc. v. J.D. Associates Ltd. Partnership, 213 F.3d 175, 180 (4th Cir.2000); additionally, a court "accept[s] as true all well-plead allegations and

5

view[s] the complaint in the light most favorable to the plaintiff." Sec. of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir.2007).

A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The Supreme Court has also opined:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56) (internal citations omitted). Conclusory allegations are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. While a high level of factual detail is not required, a complaint needs more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

### III. ANALYSIS

#### a. Federal Defendants' Motion to Dismiss

Defendant Federal Bureau of Investigation ("Defendant FBI") filed a Motion to Dismiss on behalf of the agency and Defendant "Aaron Ticks" pursuant to Fed. R. Civ. P. 12(b)(1),(4),(5),(6) and 12(e). (Doc. No. 18, p. 1). At the outset of its Motion, Defendant FBI disputes the existence of any individual named Aaron Ticks employed with the FBI. Id. Plaintiff

offers no evidence or argument in response, and the Court accordingly proceeds under the presumption that Aaron Ticks is a mistakenly named Defendant.

Defendant FBI first moves for dismissal pursuant to 12(b)(1), arguing sovereign immunity bars Plaintiff's claims. (Doc. No. 18, p. 4). Generally, "[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." U.S. v. Mitchell, 445 U.S. 535, 538 (1980) (quoting U.S. v. Sherwood, 312 U.S. 584, 586 (1941)). Any waiver of such immunity must be "'unequivocally expressed'" by Congress. Mitchell, 445 U.S. at 538 (quoting U.S. v. King, 395 U.S. 1, 4 (1969)). Congress has granted such express waivers of sovereign immunity with the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671-80; and the Tucker Act, 28 U.S.C. § 1491(a)(1).

The FTCA waives sovereign immunity for those civil actions founded in tort against the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The Tucker Act waives immunity for and grants the Court of Federal Claims jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

Although Plaintiff has not plead any causes of actions pursuant to the FTCA or the Tucker Act, her claims can generally be grouped into tort, contract, constitutional, statutory claims. Thus, to the extent Plaintiff attempts to assert a claim under the FTCA against the FBI, her claims are barred by sovereign immunity. As Defendant FBI points out in its Motion, "[t]he United States is the only proper defendant in an FTCA action." Worley V. U.S. Dep't of Agric., No. 1:20-cv-83-MOC-WCM, 2020 WL 5209314 (W.D.N.C. Sept. 1, 2020) (quoting Smith v. United States, 561

F.3d 1090, 1099 (10th Cir. 2009)). Plaintiff here did not name the United States as Defendant, but rather, named the Federal Bureau of Investigation as Defendant, and she offers no colorable argument in response. Because Plaintiff did not institute this action in accordance with the terms under which the United States consented to be sued, her claims, to the extent they asserted under the FTCA, must fail.[3]

To the extent Plaintiff attempts to assert claims against Defendant FBI pursuant to the Tucker Act, her claims are likewise barred by sovereign immunity. The Tucker Act grants jurisdiction only to the Federal Court of Claims for claims against the United States not founded in tort. 28 U.S.C. § 1491(a)(1). However, district courts have jurisdiction to hear such claims against the United States when the claims are valued at $10,000 or less. 28 U.S.C. § 1346(a)(2). Plaintiff here has sought damages in excess of $1 million. (Doc. No. 1-1, pp. 36-39). In her Response, Plaintiff simply argues that if jury finds in her favor, she can be granted "any amount that can exceed $10,000." (Doc. No. 22, p. 7). Plaintiff's argument fails, as the Court is unable to expand the scope of its jurisdiction beyond the limits imposed by Congress. Accordingly, Plaintiff's claims premised on the Tucker Act also fail.

Plaintiff's claims against Defendant FBI are barred by sovereign immunity. The claims contained in the Complaint are not pled in accordance with the terms under which the United States has expressly consented to be sued. Because this Court lacks subject matter jurisdiction over the claims asserted against Defendant FBI, the Court declines to address the remaining arguments in Defendant FBI's Motion. Defendant FBI's Motion to Dismiss, (Doc. No. 17), is GRANTED.

---

[3] Defendant FBI also argues Plaintiff did not comply with other terms of the FTCA, such as the FTCA's prohibition of claims for libel and slander. (Doc. No. 18, pp. 7-8). However, because the named defendant issue is dispositive, the Court declines to address the remaining arguments contained in Defendant FBI's Motion.

### b. City Defendants' Motion to Dismiss

Defendants Vi Lyles, Julie Eiselt and Derrick Mayo ("City Defendants") have moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1)(2), (5), and (6). (Doc. No. 19). However, their arguments ultimately collapse into two: a motion to dismiss for insufficient service of process and a motion to dismiss for failure to state a claim. See id. at pp. 5-7. In the interests of judicial efficiency, the Court addresses only City Defendants' failure to state a claim argument.[4]

First, City Defendants point out that ten of Plaintiff's claims are not cognizable legal claims. (Doc. No. 19-1, p. 7). Plaintiff offers no legitimate argument in response and simply maintains that Defendants' Motion to Dismiss is improper because they have not yet filed an Answer.[5] (Doc. No. 20, p. 3). The Court agrees with City Defendants that the following causes of action are not cognizable legal claims and must be dismissed: (i) Willful and Wanton Misconduct (Claim 1); (ii) Civil Rights Violation (Claim 3); (iii) Deprivation of Color of Law (Claim 4); (iv) Public and Political Corruption (Claim 7); (v) Violation of the Public Official Duty (Claim 8); (vi) Failure to Act, Conduct, or Perform Their Duties (Claim 9); (vii) Violation of Victim Rights Act (Claim 12); (viii) Violation of the Pro Se Act (Claim 13); (ix) Failure to Show Transparency (Claim 14); (x) Abuse of Discretion (Claim 15).

With respect to the remaining, legally cognizable, claims, City Defendants argue Plaintiff has failed to plead essential elements of each claim. (Doc. No. 19-1, pp. 8-9). The Court agrees. Plaintiff's first cause of action is for gross negligence, but she fails to allege duty and breach, which are essential elements of a negligence claim. See (Doc. No. 1-1, p. 27). Plaintiff's fifth cause

---

[4] The record in this matter is exceedingly unclear in general, but even more so with respect to service of process. Additionally, Fed. R. Civ. P. 12(b)(6) is dispositive.
[5] The Court issued a Roseboro Notice, notifying Plaintiff of the burden she carries in responding to a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. Nos. 16, 63). Plaintiff did not file any additional documents or supplement her responses and the Court is accordingly left with the inadequate response initially filed. See (Doc. No. 20). Plaintiff's argument in response reflects a fundamental misunderstanding of the Rules of Civil Procedure, which generally allow a Defendant to serve an Answer *after* the disposition of a motion to dismiss. See Fed. R. Civ. P. 12(a)(4).

of action is for breach of contract, but she fails to allege the existence of a contract with City Defendants. See (Doc. No. 1-1, pp. 28-29). Plaintiff's sixth cause of action is for breach of fiduciary duty, but she has failed to allege the existence of a fiduciary relationship. See (Doc. No. 1-1, pp. 29-30). Finally, Plaintiff's eleventh claim is for defamation, libel, and slander, but she fails to allege City Defendants made any false statements about her to a third party. See (Doc. No. 1-1, p. 34). Ultimately, Plaintiff has failed to plead essential elements for every single legally cognizable claim stated in her Complaint against City Defendants. City Defendants' Motion to Dismiss, (Doc. No. 19), is GRANTED.

### c. County Defendants' Motion to Dismiss

Defendants George Dunlap and the Mecklenburg County Board of Commissioners move to dismiss Plaintiff's Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 24-1). As with her response to City Defendants' Motion to Dismiss, Plaintiff has offered no colorable argument or legal reason as to why her Complaint should survive. Because County Defendants move for dismissal on the same basis as City Defendants, the Court reincorporates its analysis with respect to City Defendants' motion by reference here. The Court accordingly GRANTS County Defendants' Motion to Dismiss. (Doc. No. 24).

### d. State Judicial Defendants' Motion to Dismiss

Defendants Elisa Chinn-Gary, Spencer Merriweather, and the Mecklenburg County District Attorney's Office ("State Judicial Defendants") move for dismissal pursuant to Fed. R. Civ. P. 12(b)(1),(2), and (6). (Doc. No. 9). Specifically, State Judicial Defendants argue the suit is barred by the Eleventh Amendment and Plaintiff has failed to state a claim. See (Doc. No. 10). In response, Plaintiff offers no legal basis as to why her claims should move forward. See (Doc. No. 21). As with County Defendants and City Defendants, Plaintiff has failed to state claims against State Judicial Defendants. They are accordingly entitled to dismissal of Plaintiff's Complaint

pursuant to Fed. R. Civ. P. 12(b)(6). In the interest of judicial efficiency, the Court declines to address State Judicial Defendants' remaining arguments for dismissal.[6] State Judicial Defendants' Motion to Dismiss is hereby GRANTED.

### IV.  CONCLUSION

IT IS THEREFORE ORDERED that Federal Defendants' Motion to Dismiss, (Doc. No. 17), is GRANTED; City Defendants' Motion to Dismiss, (Doc. No. 19), is GRANTED; County Defendants' Motion to Dismiss, (Doc. No. 24), is GRANTED; and State Judicial Defendants' Motion to Dismiss, (Doc. No. 9), is GRANTED. All of Plaintiff's pending motions are DENIED AS MOOT (Doc. Nos. 64, 65, 78, 80, 81).

The Court finds it appropriate to once again caution Plaintiff of the consequences for filing repeated frivolous motions. In the roughly four weeks since the Court filed its last Order, (Doc. No. 63), in which the Court cautioned Plaintiff of the consequences for filing frivolous motions, Plaintiff has continued to file frivolous motions. The Court is cautioning Plaintiff that the Court **will impose sanctions, including a pre-filing injunction in this matter and any future matter Plaintiff is engaged in before this Court, if Plaintiff continues to file frivolous and duplicative *pro se* filings.**

This matter is DISMISSED WITH PREJUDICE. The Court respectfully directs the Clerk of Court to CLOSE THIS CASE and send a copy of this Order to Plaintiff's address of record.

IT IS SO ORDERED.

    Signed: May 27, 2021

*[signature]*

Frank D. Whitney
United States District Judge

---

[6] The Court presumes, without deciding, that Plaintiff's claims against State Judicial Defendants are barred by the Eleventh Amendment. See Stewart v. North Carolina, 393 F.3d 484, 488-90 (4th Cir. 2005).

11