IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00506-FDW-DSC

| | |
|---|---|
| VALERIE ARROYO,<br><br>Plaintiff,<br><br>v.<br><br>SPENCER MERRIWEATHER<br>CITY OF CHARLOTTE<br>JULIE EISELT<br>MECKLENBURG COUNTY BOARD<br>OF COMMISSION<br>DERRICK MAYO<br>VI LYLES<br>GEORGE DUNLAP<br>MECKLENBURG COUNTY<br>DISTRICT ATTORNEY'S OFFICE<br>CHARLOTTE-MECKLENBURG<br>POLICE DEPARTMENT<br>AARON TICKS<br>FEDERAL BUREAU OF<br>INVESTIGATION<br>ELISA CHINN-GARY<br>COURT OF ADMINISTRATION OF<br>MECKLENBURG COUNTY,<br><br>Defendant. | **ORDER** |

THIS MATTER is before the Court on Plaintiff's Response to this Court's Show Cause Order of June 7, 2021. (Doc. Nos. 90, 98). After a number of frivolous filings, the Court issued an Order directing Plaintiff to show cause as to why the filing of her Motion for Relief from Judgment or Order, (Doc. No. 88), and the filing of her Motion for New Trial, (Doc. No. 89), did not warrant sanctions, including a prefiling injunction. (Doc. No. 90). As the Court has previously explained in its June 7th Order the currently pending *pro se* motions, (Doc. Nos. 88, 89), are frivolous and are accordingly DENIED.

1

As to the Court's Order directing Plaintiff to show cause, the Court explained:

> Plaintiff commenced this case, proceeding *pro se* in North Carolina state court in August 2020, and Defendants timely removed the matter to this Court in September 2020. (Doc. No. 1). After motions to dismiss were filed, the Court issued two Roseboro Orders notifying Plaintiff of the burden she carried in responding to the motions to dismiss. (Doc. Nos. 16, 63). The Court's Order from April 14, 2021, warned Plaintiff of the consequences for filing frivolous and duplicative filings. (Doc. No. 63). However, Plaintiff continued to file *five* duplicative and frivolous filings before this Court even had the opportunity to rule on Defendants' Motions to Dismiss. See (Doc. Nos. 64, 65, 78, 80, 85). The Court then issued an Order on May 28, 2021, granting Defendants' Motions and dismissing the case with prejudice. (Doc. No. 86). On the same day, the Clerk's Judgment was entered in accordance with the Court's Order and the case closed. (Doc. No. 87). In its Order dismissing the case with prejudice, the Court again warned Plaintiff that "the Court will impose sanctions, including a pre-filing injunction in this matter and any future matter Plaintiff is engaged in before this Court, if Plaintiff continues to file frivolous and duplicative *pro se* filings." (Doc. No. 86, p. 11). Plaintiff has disregarded the Court's warning and has filed a Motion for Relief from Judgment, (Doc. No. 88), and a Motion for a New Trial. (Doc. No. 89).
>
> The case docketed as number 3:20-cv-506 is closed. And although Plaintiff has a right to seek relief from a final judgment or order pursuant to Fed. R. Civ. P. 60(b), Plaintiff has failed to establish any valid legal basis which would entitle her to such relief. (Doc. No. 88). Plaintiff's Motion for a New Trial is also frivolous as there has been no trial in this matter. (Doc. No. 89). Plaintiff's two most recent motions are just the latest in a series of *seventeen* frivolous motions filed in this matter. (Doc. Nos. 7, 8, 23, 31, 34, 35, 39, 40, 44, 60, 61, 64, 65, 78, 85, 88, 89). It would therefore appear that Plaintiff has been filing motions for improper purposes, including but not limited to being frivolous. See Fed. R. Civ. P. 11(b). Additionally, given Plaintiff's application to appeal without prepaying fees or costs, (Doc. No. 57), the Court does not believe that any monetary sanctions would adequately address Plaintiff's conduct.

(Doc. No. 90). Plaintiff timely responded. (Doc. No. 98). However, Plaintiff's response in inadequate. It simply restates the procedural posture of this matter and cites to numerous inapplicable Federal Rules of Civil Procedure and federal statutes, including 28 U.S.C. § 1654. (Doc. No. 98). Plaintiff's response to this Court's Show Cause Order does not sufficiently explain to the Court why sanctions pursuant to Fed. R. Civ. P. 11 are not warranted.

2

Courts have authority to sanction the filings or advocation by counsel or unrepresented persons if they have violated Fed. R. Civ. P. 11(b) and "to limit access to the courts by vexatious and repetitive litigants" pursuant to the All Writs Act, 28 U.S.C. § 1651(a). Cromer v. Kraft Foods N. Am. Inc., 390 F.3d 812, 817 (4th Cir. 2004) (citations omitted). Rule 11(b) states:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

When considering sanctions limiting access to the courts, courts must proceed in accordance "with constitutional guarantees of due process of law and access to the courts" and should employ such authority "sparingly[.]" Cromer, 390 F.3d at 817 (citing U.S. Const. amend. XIV, § 1). Therefore, courts provide the "litigant notice and an opportunity to be heard[,]" id. at 819 (citations omitted), which may be in the form of an order "to show cause[,]" Fed. R. Civ. P. 11(c)(3).

Then, the Court "must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." Cromer, 390 F.3d at 818 (citing Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986); Green v. Warden, United States Penitentiary, 699 F.2d

3

364, 368-69, 370 n.8 (7th Cir. 1983); Pavilonis v. King, 626 F.2d 1075, 1078-79 (1st Cir. 1980)). Further, the court must narrowly tailor the injunction "to fit the specific circumstances at issue." Cromer, 390 F.3d at 818 (citations omitted).

First, it is important to note the Court gave Plaintiff notice and an opportunity to be heard through its issuance of the Show Cause Order, which warned that sanctions, including but not limited to a prefiling injunction *would* be imposed if she untimely or inadequately responded to the Order. (Doc. No. 90, p. 30). Plaintiff's response to the Show Cause Order acknowledges she has received all of this Court's Orders, including the most recent Order warning Plaintiff of the likelihood of sanctions. See (Doc. No. 98, pp. 10-12).

As to the first factor the Court must consider when deciding whether to impose sanctions under Rule 11, Plaintiff's history of litigation weighs in favor of imposing sanctions, including a prefiling injunction. This matter is the second matter before this Court within the past three years in which Plaintiff has repeatedly filed frivolous motions to the extent that sanctions were warranted—and imposed. Indeed, this Order represents the *second time* this Court has had to impose sanctions upon Plaintiff for filing frivolous motions and engaging in vexatious conduct.

As to the second factor, Plaintiff contends she has complied in good faith with the Federal Rules of Civil Procedure and suggests she has a good faith basis for pursuing this litigation. (Doc. No. 98, p. 16). The Court is inclined to believe Plaintiff has a subjectively good faith basis for instituting this lawsuit, but her *seventeen* frivolous motions filed over the course of nine months suggest otherwise, particularly in light of the fact that Plaintiff continues to rely on various inapplicable Federal Rules of Civil Procedure, many of which the Court has explained to her. For example, Plaintiff continues to insist this Court order Defendants to file an Answer despite the Court's explanation that Defendants are not required to file an Answer before filing a Motion to

Dismiss. Compare (Doc. No. 98, p. 16) with (Doc. No. 86, p. 9 n.5). The Court accordingly finds the second factor to be neutral at best.

As to the third factor, both the Court and Defendants are extensively burdened by Plaintiff's repeated filing of frivolous motions. The docket in this Matter has ninety-nine (99) entries, most of which are filings by Plaintiff and Defendants' responses to Plaintiff's filings. Additionally, the Court has had to address each one of Plaintiff's filings, all of which are frivolous and most of which are duplicative. The burden on the Court to address her filings has not been justified, and both the Court and Defendants have had to expend time and resources on this matter that would have been otherwise spent on non-frivolous matters. This factor accordingly weighs in favor of imposing sanctions.

As to the final factor, the Court does not believe sanctions other than a prefiling injunction would be adequate to deter Plaintiff from filing other frivolous motions. As described above, and in previous Orders in this matter, this matter is the *second* such case in which Plaintiff has engaged in vexatious conduct. Moreover, the Court has repeatedly cautioned Plaintiff against filing frivolous motions, and Plaintiff has not heeded any of the Court's warnings. Having considered the record and all four Cromer factors, the Court concludes the only adequate remedy is a prefiling injunction.

The Court accordingly imposes a prefiling injunction as to this closed case with docket number 3:20-cv-00506-FDW-DSC for one year. The injunction will not extend to any filing by Plaintiff that has been reviewed and signed by an attorney licensed in the state of North Carolina and admitted to the Western District of North Carolina certifying that the filing is not in violation of Rule 11 of the Federal Rules of Civil Procedure. The attorney shall list their bar number but

need not formally represent Plaintiff. By limiting the injunction in this manner, the Court ensures that nonfrivolous filings may be made.

IT IS THEREFORE ORDERED that Plaintiff is ENJOINED from filing in the above-captioned case, docket number 3:20-cv-00506-FDW-DSC, for one year unless Plaintiff's filing includes a certification from an attorney licensed in the state of North Carolina and admitted to the Western District of North Carolina certifying the filing is not violation of Rule 11 of the Federal Rules of Civil Procedure. Plaintiff is advised that any filing that is made in violation of this Order may be punishable as a contempt of this Court and could result in further sanctions, which could include imprisonment. In the event Plaintiff files papers in violation of this Order, upon such notice, the Clerk of Court will, under authority of this Court, immediately and summarily strike the pleadings or filings.

It is FURTHER ORDERED that Plaintiff's currently pending motions, (Doc. Nos. 88, 89), are DENIED. The Clerk of Court is respectfully DIRECTED to send a copy of this Order to Plaintiff's address of record and to maintain a copy of this Order for its records.

IT IS SO ORDERED.

Signed: July 21, 2021

Frank D. Whitney
United States District Judge