IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:20-cv-00506-FDW-DSC

| | | |
|---|---|---|
| VALERIE ARROYO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MAYOR VI LYLES; CITY OF | ) | |
| CHARLOTTE, JULIE EISELT, PRO | ) | |
| TEM, CITY COUNCIL BOARD; | ) | |
| GEORGE DUNLAP, MECKLENBURG | ) | |
| COUNTY COMMISSIONER, | ) | |
| MECKLENBURG COUNTY BOARD | ) | |
| OF COMMISSION; DETECTIVE | ) | **MEMORANDUM IN RESPONSE** |
| DERRICK MAYO OF THE | ) | |
| CHARLOTTE-MECKLENBURG | ) | |
| POLICE DEPARTMENT; | ) | |
| MECKLENBURG-CHARLOTTE | ) | |
| POLICE DEPARTMENT; AARON | ) | |
| TICKS OF THE FEDERAL BUREAU | ) | |
| OF INVESTIGATION (CHARLOTTE | ) | |
| DIVISION); FEDERAL BUREAU OF | ) | |
| INVESTIGATION; ELISE CHINN-GARY, | ) | |
| CLERK OF COURT OF MECKLENBURG | ) | |
| COUNTY, COURT OF | ) | |
| ADMINISTRATION OF | ) | |
| MECKLENBURG COUNTY; AND | ) | |
| CHARLOTTE DISTRICT ATTORNEY | ) | |
| OFFICE, SPENCER B. | ) | |
| MERRIWEATHER, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW the United States of America, and responds in opposition to *Pro se* Plaintiff

Valerie Arroyo's Motion to Vacate ("Motion"). (Doc. 111.) In short, Plaintiff has filed another

frivolous Motion that should be denied for various reasons as set forth below. (*See* Doc. 100 at 2,

6 (identifying no less than seventeen frivolous filings by Plaintiff and imposing a sanction barring

her from filing in this case for one year).)

*Pro se* Plaintiff claims this case's removal from state court in September 2020 "was jurisdictionally defective" and should have been remanded because "service was completed" upon at least one other Defendant at the time of removal. (Doc. 111 at 2.) According to Plaintiff, this initial alleged misstep apparently "void[s]" all subsequent orders by this Court and the U.S. Court of Appeals for the Fourth Circuit.[1]  *See id.*  Plaintiff seeks relief under Rule 60(b)(4) of the Federal Rules of Civil Procedure. (Doc. 111 at 1, 2.)

Here, Plaintiff has not met any of the threshold requirements to seek relief under Rule 60(b).  *See Lindsey v. United States*, No. 3:94-CR-00139-1-MU, 2024 WL 1161720, at \*2 (W.D.N.C. Mar. 18, 2024), *reconsideration denied*, No. 3:94-CR-00139-1-MU, 2024 WL 1722528 (W.D.N.C. Apr. 22, 2024), and *appeal dismissed*, No. 24-6436, 2025 WL 314154 (4th Cir. Jan. 28, 2025), and *appeal dismissed*, No. 24-6436, 2025 WL 314154 (4th Cir. Jan. 28, 2025) (quoting *Dowell v. State Farm Fire and Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)) ("A party seeking such relief must first make a threshold showing of 'timeliness, a meritorious claim, and a lack of unfair prejudice to the opposing party.'") (internal marks omitted); *see also* Fed. R. Civ. P. 60(c) ("A motion under Rule 60(b) must be made within a reasonable time.").

First, the Motion is untimely—over five years passed between the Court's Order dismissing this lawsuit and the filing of the Motion. (*Compare* Doc. 86 (Court's Order Granting Dismissal in May 2021) *with* Doc. 111 (Plaintiff's Motion filed in July 2026).) Plaintiff offers no justification for her untimeliness. Nor does she explain why she failed to file a motion to remand after the case was removed (nearly six years ago) if she believed a basis to challenge removal existed, particularly when she had only thirty days after removal to do so under 28 U.S.C. § 1447(c).

---

[1] Beyond that, Plaintiff further alleges the Court lacked authority to dismiss certain claims under 28 U.S.C. § 1915 because she was not proceeding *in forma pauperis*. (Doc. 111 at 3-4.) Yet it does not appear the Court dismissed any claims under Section 1915. (*See* Doc. 86 at 6-11 (considering and dismissing all claims under various subparts of Rule 12(b)).

Second, the Motion is without merit, as there was nothing defective about the case's removal to U.S. District Court.  Plaintiff filed this case in state court on August 21, 2020, and the United States removed it on September 14, 2020 (i.e., within thirty days of filing), under 28 U.S.C. § 1441 and § 1442(a)(1).  (*See* Doc. 1 at 1-2.)  The notice of removal was timely because the thirty-day deadline under 28 U.S.C. § 1446(b) had not passed.  The United States was not required to obtain consent from any previously served Defendant prior to removal under 28 U.S.C. § 1442(a)(1).  *See Citrano v. John Crane-Houdaille, Inc.*, 1 F. Supp. 3d 459, 465 (D. Md. 2014) ("[U]nder § 1442(a) the other defendants need not join in or consent for removal to be proper.") (citations omitted).

Third, the instant Motion is prejudicial to the United States, as it continues to add to the "extensive[] burden[ caused] by Plaintiff's repeated filing of frivolous motions" in a lawsuit where the Court entered a final judgment over five years ago.  (*See* Doc. 100 at 5.)  Indeed, at least one of Plaintiff's case citations does not appear to even stand for the proposition she asserts, as she claims *Sosa v. United States* represents that "§ 1915(e)(2) applies only to IFP cases."  (Doc. 111 at 4 (citing 364 F.3d 507, 510 n.3 (4th Cir. 2004)).)  Yet *Sosa* dealt with the *sua sponte* dismissal of a lawsuit brought under 28 U.S.C. § 2255 because of plaintiff's failure to obtain a certificate of appealability, and does not appear to mention Section 1915.[2]

Accordingly, Plaintiff's Motion to Vacate (Doc. 111) should be denied.

---

[2] Plaintiff also fails to include an artificial intelligence certification with her Motion as required by the Standing Order of this Court entered June 18, 2024 and published to the Bar of the Western District on June 27, 2024

This the 29th day of July, 2026.

**RUSS FERGUSON**
UNITED STATES ATTORNEY

**s/Jonathan M. Warren**
JONATHAN M. WARREN
Assistant United States Attorney
N.C. Bar No. 53653
227 West Trade Street
Suite 1650, Carillon Building
Charlotte, NC 28202
Tel: 704-344-6222
Email: Jonathan.Warren@usdoj.gov

## CERTIFICATE OF COMPLIANCE

I CERTIFY that the above Reply Memorandum does not exceed 2,000 words and complies with the word limitations set forth in Paragraph 3(c)(ii) of The Hon. Frank D. Whitney's Case Management Order.

**s/Jonathan M. Warren**
**JONATHAN M. WARREN**
Assistant United States Attorney

# CERTIFICATION

Pursuant to the Standing Order of this Court entered June 18, 2024 and published to the Bar of the Western District on June 27, 2024, the undersigned hereby certifies:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 29th day of July, 2026.

s/Jonathan M. Warren
**JONATHAN M. WARREN**
Assistant United States Attorney

# **CERTIFICATE OF SERVICE**

I CERTIFY that on the 29th day of July, 2026, the foregoing was served on plaintiff by mailing a copy thereof, first class mail, postage prepaid, and properly addressed as follows:

Valerie Arroyo
617 Springfield Drive
Concord, NC 28027

**s/Jonathan M. Warren**
**JONATHAN M. WARREN**
Assistant United States Attorney